PATRICK E. HIGGINBOTHAM, Circuit Judge,
concurring in part and concurring in the judgment:
The confusion this case brings was seeded by the government’s oral plea agreement with Hughes, under which Hughes promised to plead guilty to Count 1 (conspiracy to distribute cocaine) in exchange for the government’s promise to move to dismiss Counts 2-5 (use of a telephone to facilitate a drug offense) at sentencing. Under Rule 11(c)(1)(A) and (c)(4), a district court that accepts an agreement to dismiss counts must inform the defendant that it will abide the agreement when entering judgment; moreover, if the court rejects such an agreement, Rule 11(c)(5) requires it to give the defendant an opportunity to withdraw his plea. At his Rule 11 hearing, Hughes pleaded guilty to all five counts. Though the government contends on appeal that Hughes’s plea “superceded” the plea agreement, it nonetheless claims that it moved to dismiss Counts 2-5 at Hughes’s sentencing hearing — a motion the district court implicitly denied. At issue is whether this implicit denial should be treated as: (1) a violation of Rule 48(a), which this Court can remedy by entering judgment dismissing Counts 2-5; or (2) an implicit rejection of the plea agreement, in which case the district court should have given Hughes an opportunity to withdraw his plea.
I concur in the judgment dismissing Counts 2-5 and write here to explain my reasoning. The record reflects that the district court sentenced Hughes on all five counts because it believed that the government had withdrawn the plea agreement *664 prior to Hughes’s Rule 11 hearing. The court conveyed its understanding of the status of the agreement during the hearing on Hughes’s motion to withdraw his plea, observing that:
[0]n June 28th, with the jury here, prior to selection of the jury the defendant again advised the court of his desire to enter a plea of guilty, this time on an open plea, an open plea because the government had withdrawn the offer that had been made, or at least implicitly withdrawn it.
Neither Hughes nor the government raised any objection to this characterization of the status of the agreement. During the subsequent sentencing hearing, the district court told the prosecutor that “I’m now considering — I want to be sure I’m sentencing now in accordance with the other counts because the agreement went by the — ,” at which point the court was interrupted by the prosecutor saying “Yes, sir.” While the quoted sentencing colloquy may be ambiguous viewed in isolation, the court’s remarks, when understood together with its comments at the earlier motion hearing, confirm that it thought that the agreement “went by the wayside.” As neither Hughes nor the government clarified that the plea deal was still in effect as of sentencing, I doubt that the district court plainly erred in concluding that there was no plea agreement for it to accept or reject. For the same reason, I question whether the court’s failure to give Hughes an opportunity to retract his plea pursuant to Rule 11(c)(5) rises to the level of plain error. The court’s implicit denial of the government’s motion to dismiss Counts 2-5 is best viewed as an impermissible encroachment on a prosecutor’s discretion to dismiss charges,[1] an error that can be cured on appeal by entering judgment dismissing Counts 2-5.
Even were we to accept that there was a plea agreement at sentencing, and that the district court plainly erred in reaching a contrary conclusion, I do not think remand is necessary to determine whether the district court would have accepted or rejected the agreement. Aside from a $400 special assessment, the plea agreement had no effect on Hughes’s sentence. Of course, as the dissent correctly points out, rejecting the agreement would have given Hughes an opportunity to retract his plea. Yet the transcript from the hearing on Hughes’s motion to withdraw his plea reflects that it was most unlikely that this able district judge would have put Hughes’s plea in play again. Hughes changed his mind about whether to plead out no less than five times, entering his guilty plea only on the morning of his trial — while the jury was waiting and after the government had arranged for the presence of a key witness at considerable expense. The district judge wanted Hughes to make up his mind and assumed that the plea agreement was lost with his uncertainties. To my eyes, there is no question that the judge would have accepted Hughes’s plea agreement had he known it was still in effect as of sentencing. The panel’s disposition— which gives Hughes the full benefit of the plea agreement by dismissing the convictions on Counts 2-5 — therefore remains appropriate. I would not further burden the district judge with an error he did not cause and we can correct.

. See, e.g., United States v. Cowan, 524 F.2d 504, 513 (5th Cir.1975) ("[Rule 48(a)] was not promulgated to shift absolute power from the Executive to the Judicial Branch.... The Executive remains ... the first and presumptively the best judge of whether a pending prosecution should be terminated. The exercise of its discretion with respect to the termination of pending prosecutions should not be judicially disturbed unless clearly contrary to manifest public interest.”).